UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHONEDOCTORX, LLC,                            )  |  |
| Plaintiff,        )  |  |
| v.         )  |  |
| HEALTHBRIDGE MANAGEMENT, INC., d/b/a NEW BEDFORD HEALTH CARE CENTER, WEYMOUTH HEALTH CARE CENTER, CEDAR HILL HEALTH CARE CENTER, MILLBURY HEALTH CARE, NEWTON HEALTH CARE, WILMINGTON HEALTH CARE, CONCORD HEALTH CARE, LEXINGTON HEALTH CARE, PEABODY GLEN HEALTH CARE CENTER, BROOKLINE HEALTH CARE CENTER, AND THE CALVIN COOLIDGE NURSING AND REHAB CENTER, ) | Civil Action No. 12-12281-FDS |
| Defendants.        ) |  |

**ORDER ON PLAINTIFF'S MOTION TO REMAND
AND ORDER THAT PLAINTIFF AMEND ITS COMPLAINT TO
<u>SUBSTITUTE THE CORRECT DEFENDANT</u>**

**SAYLOR, J.**

This is an action for breach of contract, arising out of the provision of "telemedicine" coverage to various nursing homes. Plaintiff PhoneDOCTORx, LLC filed a complaint in the Massachusetts Superior Court on October 22, 2012, naming Healthbridge Management, Inc., as the sole defendant, with eleven named "d/b/a" entities, which appear to be nursing homes or similar facilities. Defendant removed the case to this Court on the basis of diversity jurisdiction.

Pending before the Court is plaintiff's motion to remand the matter to state court. Plaintiff contends that removal to federal court was improper because diversity of citizenship does not exist.[1]

## I. Background

The complaint alleges that plaintiff PhoneDOCTORx is a "Massachusetts limited liability corporation" with a principal place of business in Massachusetts. As noted below, it appears that plaintiff is in fact a limited liability *company*, whose members are all citizens of Massachusetts.

The complaint names one defendant—Healthbridge Management, Inc.—although it alleges that the corporation does business under eleven different names. The complaint alleges that Healthbridge Management, Inc., is incorporated in New Jersey and that its principal place of business is in New Jersey. (Comp. ¶ 2).

The complaint sets forth a single count, alleging a breach of a series of eleven different contracts. The complaint attaches a copy of only one of the eleven contracts upon which suit was brought; that contract is between "New Bedford Health Care Center" and PhoneDOCTORx LLC. The signature line states that it was signed by an "Authorized Agent" of New Bedford Health Center.[2]

Defendant removed the case to federal court on December 7, 2012. In its notice of removal, defendant alleged that plaintiff had improperly named Healthbridge Management, Inc.,

---

[1] Because no federal question is presented in this case, this Court has jurisdiction, if at all, pursuant to 28 U.S.C. § 1332(a)(1), which provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." There is no dispute that the amount in controversy exceeds $75,000.

[2] The "notices" section of the contract states that all notices to New Bedford Health Care Center sent pursuant to the terms of the contract should be sent to "New Bedford Health Care Center c/o Healthbridge Management, Inc.," in Concord, Massachusetts.

and that the proper defendant was Healthbridge Management, LLC.  (Def.'s Notice of Removal ¶ 7).  It did not specifically state why the naming of the corporation was improper (for example, that the LLC had succeeded to the relevant contractual obligations).  In its removal papers, defendant stated that Healthbridge Management, LLC, is a limited liability company "organized under the laws of the State of New Jersey with a principal place of business . . . [in] New Jersey."  (Notice of Removal at 3).  Defendant went on to state that plaintiff had "misnamed a number of limited liability companies to this matter as d/b/a's for the Defendant," but that even if plaintiff "undertakes to add the limited liability companies as defendants, complete diversity still would exist" because each of the entities is an LLC organized under Delaware law with a principal place of business in New Jersey.

Plaintiff moved to remand the matter to state court on January 7, 2013.   In the motion to remand, plaintiff contended that "each of the named Defendants [*sic*] are as a matter of law and fact citizens of the Commonwealth of Massachusetts."  (Pl. Mot. at 2).  Plaintiff also contended that the contracts were entered into by eleven individual nursing homes, each of which has a principal place of business in Massachusetts, and that therefore complete diversity is lacking.

Defendant filed an opposition to the motion to remand, together with an affidavit from the general counsel of Healthbridge Management, LLC.  According to defendant, Healthbridge Management, Inc., ceased managing nursing homes in 2006 and at some point assigned its "Management Agreements with Subordinate Agreements" to Healthbridge Management, LLC.  Defendant did not indicate whether the eleven contracts at issue were assigned from the corporation to the LLC.  (Def.'s Aff. ¶ 10).  Defendant also contended that Healthbridge Management, Inc., was renamed DES Holding Co.  (Def.'s Aff. ¶ 11).  Defendant alleges that

3

DES Holding Co. is a citizen of New Jersey, the state in which it was incorporated and has its principal place of business.  (Def.'s Opp'n to Pl.'s Mot. to Remand at 4).

With its opposition to the motion to remand, defendant submitted a copy of the certificate of organization of PhoneDOCTORx LLC.  According to that document, which was filed in 1999, plaintiff is in fact an LLC, and all of its members are citizens of Massachusetts.

Finally, defendant alleged that the various nursing homes are organized as LLCs; that the sole member of each of those LLCs is THCI of Massachusetts, LLC; that the sole member of THCI is another LLC; that the members of that LLC are also LLCs; and that all of the members of the latter LLCs are citizens of New Jersey and New York.  (Def.'s Aff. ¶¶ 4-9).

## II.   Analysis

Jurisdiction under 28 U.S.C. 1332(a)(1) exists only if there is complete diversity of citizenship—that is, if all of the defendants are diverse from all of the plaintiffs.  *Strawbridge v. Curtiss*, 7 U.S. 267 (1806); *Fabiano Shoe Co. v. Black Diamond Equip., Ltd.*, 41 F. Supp. 2d 70, 71 (D. Mass. 1999).

For purposes of the diversity statute, corporations are deemed to be "citizens" of the state in which they are incorporated and have a principal place of business.  28 U.S.C. 1332(c)(1).  The citizenship of a limited liability company, however, is based on the citizenship of all of its members.  *Pramco, LLC ex rel. CFCS Consortium v. San Juan Bay Marina*, 435 F.3d 51, 54 (1st Cir. 2006). In general, diversity is determined at the point the complaint is filed.  *See Odishelidze v. Aetna Life & Casualty Co.*, 853 F.2d 21, 24-25 (1st Cir. 1988).

Determining whether this Court has jurisdiction over this matter is complicated by several factors.

First, and most significantly, neither plaintiff nor defendant seems to have correctly understood how limited liability companies are treated for purposes of diversity jurisdiction. Again, LLCs are treated like partnerships; the citizenship of their members, not the place of formation or principal place of business, controls. *Pramco,* 435 F.3d at 54. If the members of an LLC are themselves LLCs, the citizenship of the "sub-members" controls. *See Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) ("[B]ecause a member of a limited liability company may itself have multiple members – and thus may itself have multiple citizenships – the federal court needs to know the citizenship of each 'sub-member' as well."). The state of organization and the principal place of business of an LLC are irrelevant for these purposes.

Second, the complaint confusingly refers to plaintiff as a "limited liability corporation." It appears that it is actually a limited liability company. The Court cannot state with confidence, however, whether that is true, given that plaintiff itself has misidentified its organizational form.

Third, defendant contends that plaintiff has sued the wrong entity. But it is by no means clear who the correct entity is, or whether that entity is an indispensable (but not named) party to the suit, which may also affect the jurisdictional calculus.

In short, the Court cannot ascertain whether diversity jurisdiction exists without additional information. At a minimum, it needs to know (1) the organizational form of the parties, (2) the citizenship of the relevant persons or entities, and (3) the proper parties to the contract claim(s). It also needs to know if plaintiff intends to seek to amend the complaint to cure any apparent deficiencies identified to date.

Accordingly, the Court directs the parties to file, no later than 14 days from the date of

this order,

(1) such supplemental memoranda, affidavits, exhibits, and other information as may be necessary to resolve the jurisdictional issues in this matter, and

(2) any motion to amend and proposed amended complaint seeking to substitute or add additional defendants or otherwise cure any identified deficiencies in the current complaint.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated:  February 6, 2013