UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.  12-12281

| | |
|---|---|
| PhoneDoctorx, LLC | ) |
| Plaintiff | ) |
| v. | ) |
| | ) **FIRST AMENDED COMPLAINT FOR** |
| | ) **BREACH OF CONTRACT AND** |
| | ) **REQUEST FOR TRIAL BY JURY** |
| Healthbridge Management, Inc., | ) |
| Healthbridge Management, LLC., | ) |
| New Bedford Health Care Center, | ) |
| Weymouth Health Care Center, Cedar Hill | ) |
| Health Care Center, Millbury Health Care, | ) |
| Newton Health Care, Willmington Health | ) |
| Care, Concord Health Care, Lexington | ) |
| Health Care, Peabody Glen Health Care | ) |
| Center, Brookline Health Care Center, | ) |
| the Calvin Coolidge Nursing and Rehab | ) |
| Center, Essex Park Rehabilitation and | ) |
| Nursing Center, | ) |
| Defendants. | ) |

## PARTIES

1. The Plaintiff is PhoneDOCTORx, LLC, a Massachusetts, Limited Liability Company with a principal place of business at 200 Mill Street, Suite 350, Fairhaven, Bristol County, MA 02719.

2. The Defendants are Healthbridge Management, Inc., Healthbridge Management, LLC, 221 Fitzgerald Drive Operating Company, LLC d/b/a New Bedford Health Care Center, 64 Performance Drive Operating Company, LLC d/b/a Weymouth Health Care Center, 49 Thomas Patten Drive Operating Company, LLC d/b/a Cedar Hill Health Care Center, 312 Millbury Avenue Operating Company, LLC d/b/a Millbury Health Care Center, 2101 Washington Street Operating Company, LLC d/b/a Newton Health Care Center, 750 Woburn Street Operating Company, LLC d/b/a Willmington Health Care Center, 57 Old Road to Nine Acre Corner Operating Company, LLC d/b/a Concord Health Care Center, 178 Lowell Street Operating Company, LLC d/b/a Lexington Health Care, 199 Andover Street Operating Company, d/b/a Peabody Glen Health Care Center, Park, Marion and Vernon Streets Operating Company, LLC d/b/a Brookline Health Care Center, and 548 Elm Street Operating Company, LLC d/b/a the Calvin Coolidge Nursing and Rehab Center, and 265 Essex Street Operating Company, LLC d/b/a Essex Park Rehabilitation and Nursing Center.  Healthbridge Management, Inc. is incorporated under the laws of New Jersey with a principal place of business at 57 Old Road to Nine Acre Corner, Concord, MA 01742.  Healthbridge Management, LLC is incorporated under the laws of New Jersey with a principal place of business at 57 Old Road to Nine Acre Corner, Concord, MA 01742.   Each of the named skilled nursing facility defendants (SNF's) are incorporated in the State of Delaware, with a principal place of business in the Commonwealth of Massachusetts.

**FACTUAL ALLEGATION**

**I. BREACH OF CONTRACT, AND THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING.**

3. On January 10, 2006, The Plaintiff entered into an agreement with Defendant, New Bedford Health Care Center (hereinafter "NBHCC") in which the Plaintiff would provide telemedicine medical coverage for the Defendant's patients. Telemedicine coverage from the Plaintiff, includes connectivity into the Plaintiff's network of medical coverage, use of the Plaintiff's patent protected software, and access to the Plaintiff's covering physician via telemedicine (See, Personal Services Agreement by and Between New Bedford Health Care Center and PhoneDoctorx, LLC, attached as Exhibit 1).

4. The January 10, 2006 contract terms with the Defendant NBHCC state that the Defendant would pay the Plaintiff $8,200.00 per month for telemedicine coverage of up to ninety (90) calls per month (referred to herein as the "base agreement") (See, Exhibit 1).

5. The Agreement further states that NBHCC would be charged the fair market rate of $90.00 per call for each additional call from their facility in excess of 90 calls per month (See, Exhibit 1).

6. The Plaintiff provided the exact same services to the Defendant, Weymouth Health Care Center (WHCC), with identical financial terms as the NBHCC contract.

7. The contract terms for NBHCC and WHCC did not require the calls subject to additional fees to be either urgent or emergent, nor did the contract terms cap the total additional costs related to the calls. Any and all additional calls in excess of the base agreement were to be charged the additional fee of $90.00 per call.

8. During the years of 2006-2012, the Defendant NBHCC made 7,755 calls in excess of the base agreement.

9. During the years of 2006-2012, the Defendant WHCC made 6,763 calls in excess of the base agreement.

10. In accordance with the terms of the contracts with NBHCC and WHCC, the Plaintiff has determined that the total amount due and owing for services rendered to both NBHCC and WHCC facilities is $1, 355, 220.00. This amount does not include costs or fees due under the additional contractual terms of the "Implementation Schedule".

11. In addition to the fees due for the excess calls at NBHCC and WHCC, the Plaintiff is due outstanding fees in the amount of $195,031.11 for services rendered at ten other skilled nursing facilities (SNF's) with whom they have Personal Service Agreements:  Cedar Hill Health Care, Millbury Health Care, Newton Health Care, Willmington Health Care, Concord Health Care, Lexington Health Care, Peabody Glen Health Care Center, Brookline Health Care Center, Calvin Coolidge Nursing and Rehab Center, and Essex Park Rehabilitation and Nursing Center.

12. The Plaintiff has determined that the amount due and owing for services rendered to the Defendants under the above contracts is $1,550,251.11.  This amount does not include costs or fees due under the additional contractual terms of the "Implementation Schedule".  (See, Letter to Morrison Mahoney Dated August 10, 2012 attached as Exhibit 2).

13. The Plaintiff has demanded payment from the Defendant for these services (See, Exhibit 2).

14. The Defendants have refused to remit payment for these services to the Plaintiff or to discuss a reasonable settlement for the amounts due.

15. The Plaintiff and its clinical team provided to the Defendants' the requested clinical services in a high quality, good faith manner.  To date, none of the Defendant facilities have expressly identified any concern about the quality of care rendered to patients by the Plaintiff.

16. The Defendants' failure to remit contracted payment to the Plaintiff for services that the Defendants asked the Plaintiff to complete is a breach of both the express terms of the contracts and the implied covenant of good faith and fair dealing.

## PRAYER FOR RELIEF

WHEREFORE the Plaintiff respectfully demands the following:

17.   Any and all unpaid balances for services under the terms of the contracts between the Plaintiff and Defendants, currently calculated in the amount of $1,550,251.11.

18. Any and all additional costs and fees unpaid and due under the terms of the contracts between the Plaintiff and Defendants.

19.   Any and all lost profits and interest owed and occurring as the natural and probable results of the breach of contract by the Defendant.

20.   Attorney's fees and costs.

21. Any and all other relief the Court finds just and proper.

## REQUEST FOR TRIAL BY JURY

22.   The Plaintiff hereby requests a trial by jury in this matter.

Respectfully submitted:

Date:  February 20, 2013

/s/ Michael J. Sullivan_____
Michael J. Sullivan
Massachusetts Bar No. 487210

5

Ashcroft Sullivan LLC  
One Post Office Square  
Suite 3750  
Boston, MA 02109  
Tel: 617-573-9400  
msullivan@ashcroftlawfirm.com


/s/_Amy D. Barry_____  
Amy D. Barry  
Massachusetts Bar No. 683643  
Ashcroft Sullivan LLC  
One Post Office Square  
Suite 3750  
Boston, MA  02109  
Tel:  617-573-9400  
abarry@ashcroftlawfirm.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he caused a true copy of the foregoing document to be served on this day, February 20th, 2013, to all counsel of record in this action via ECF.

Date:  February 20, 2013            /s/ Michael J. Sullivan
                                    Michael J. Sullivan, Esq.