**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| PHONEDOCTORX, LLC, ) | |
|  Plaintiff, ) | |
|  v. ) | |
| HEALTHBRIDGE MANAGEMENT, INC.; ) | |
| HEALTHBRIDGE MANAGEMENT, LLC; ) | |
| NEW BEDFORD HEALTH CARE CENTER; ) | |
| WEYMOUTH HEALTH CARE CENTER; ) | Civil Action No. |
| CEDAR HILL HEALTH CARE CENTER; ) | 12-12281-FDS |
| MILLBURY HEALTH CARE; ) | |
| NEWTON HEALTH CARE; WILMINGTON ) | |
| HEALTH CARE; CONCORD HEALTH ) | |
| CARE; LEXINGTON HEALTH CARE; ) | |
| PEABODY GLEN HEALTH CARE ) | |
| CENTER; BROOKLINE HEALTH CARE ) | |
| CENTER; THE CALVIN COOLIDGE ) | |
| NURSING AND REHAB CENTER; and ) | |
| ESSEX PARK REHABILITATION ) | |
| AND NURSING CENTER, ) | |
|  Defendants. ) | |

## ORDER ON PLAINTIFF'S MOTION TO REMAND

**SAYLOR, J.**

This is an action for breach of contract, arising out of the provision of "telemedicine" coverage to various nursing homes. Plaintiff PhoneDOCTORx, LLC filed a complaint in the Massachusetts Superior Court on October 22, 2012, naming Healthbridge Management, Inc., as the sole defendant, with twelve named "d/b/a" entities, which appear to be nursing homes or similar facilities. Defendant removed the case to this court on the basis of diversity jurisdiction.

Plaintiff moved to remand the matter to state court.  On February 6, 2013, the Court issued an order stating that it was impossible to ascertain whether diversity jurisdiction exists without additional information and directing the parties file supplemental memoranda (or amend the complaint) to address that issue.  On February 20, 2013, defendants filed a supplemental memorandum providing some information as to their citizenship and referring back to an affidavit that accompanied their first opposition to the motion to remand.  That same day, plaintiff filed a first amended complaint, which addressed some, but not all, of the issues concerning diversity of citizenship.  On March 1, plaintiff filed a supplemental memorandum on jurisdictional issues in reply to defendants' memorandum, contending that defendants have failed to disclose the identity and citizenship of each member of the named LLCs.

On March 26, the Court ordered defendants to file a final supplemental affidavit that both identified the respective citizenship of the parties and traced the citizenship of any member that is an unincorporated association through however many layers of members there may be and identified each individual member at every layer.  *See D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 127 (1st Cir. 2011).  Defendants filed such an affidavit, under seal, on April 12.

With the benefit of those additional filings, the Court now considers plaintiff's motion to remand.  For the reasons set forth below, that motion will be denied.

## I.     Jurisdictional Facts

To the extent that the jurisdictional facts regarding the citizenship of the parties are contested, the Court has "broad authority" to resolve those disputes by relying on the various submitted affidavits and other filings, which gave the parties "a full and fair opportunity to

present relevant facts and arguments." *See Valentin v. Hosp. Bella Vista*, 254 F.3d 358, 363, 364 (1st Cir. 2001). On the basis of those submissions, and for the purposes of determining jurisdiction, the Court finds the following facts to be true:

The primary named defendant, Healthbridge Management, Inc., ceased managing nursing homes in 2006. On July 31, 2006, it assigned its "Management Agreements with Subordinate Agreements" to Healthbridge Management, LLC. On May 21, 2007, Healthbridge Management, Inc., changed its name to DES Holding Co., Inc. It filed a certificate of withdrawal with the Corporations Division of the Secretary of the Commonwealth on July 10, 2009. DES Holding Co. is a corporation organized under the laws of New Jersey with a principal place of business in New Jersey. As of the date of commencement of this action—December 7, 2012—Healthbridge Management, LLC was a limited liability company with one member: Care One, LLC.

The members of Care One, LLC are various individuals who are residents of New York and New Jersey, as well as two trusts administered by residents of New Jersey for the benefit of residents of New York and New Jersey.[1]

The remaining twelve defendants are various nursing homes, named in the complaint as "d/b/a" entities, but actually organized as LLCs.[2] As of December 7, 2012, the sole member of

---

[1] Defendants identified each of the individual members of Care One, the trustees, and the beneficiaries of the trusts, as well as the residency of those specific individuals, in their supplemental affidavit filed on April 12, 2013. The Court will not repeat that personal identifying information here. It is sufficient to note that the information was provided by affidavit, and the Court finds no reason to doubt the veracity of the members asserted residencies as of December 7, 2012.

[2] The Amended Complaint (filed April 19, 2013) lists these defendants as follows:
221 Fitzgerald Drive Operating Company, LLC d/b/a New Bedford Health Care Center; 64 Performance Drive Operating Company, LLC d/b/a Weymouth Health Care Center; 49 Thomas Patten Drive Operating Company, LLC d/b/a Cedar Hill Health Care Center; 312 Millbury Avenue Operating Company, LLC d/b/a Millbury Health Care Center; 2101 Washington Street Operating Company, LLC d/b/a Newton Health Care Center; 750 Woburn Street Operating Company, LLC d/b/a Willmington Health Care Center; 57 Old Road to Nine Acre Corner Operating Company, LLC d/b/a Concord Health Care Center; 178 Lowell Street Operating Company, LLC d/b/a Lexington Health Care Center; 199 Andover Street Operating Company, d/b/a Peabody Glen Health Care Center; Park, Marion

each of those LLCs was THCI of Massachusetts, LLC.  The sole member of THCI was Care Realty, LLC.  The members of Care Realty were Straus Family MT, LLC and Care Holdings (MT), LLC.  The members of Care Holdings (MT), LLC were Straus Capital Healthcare Partners (MT), LLC; Straus Capital Healthcare Partners (MT) II, LLC; and Care Partners (MT), LLC.  The members of Straus Capital Healthcare Partners (MT), LLC; Straus Capital Healthcare Partners (MT) II, LLC; and Care Partners (MT), LLC were various individuals who were residents of New York and New Jersey at the relevant time.  The members of Straus Family MT, LLC were various individuals who were residents of New York and New Jersey, as well as a trust administered by a resident of New Jersey for the benefit of residents of New York and New Jersey.

## II.  Analysis

Jurisdiction under 28 U.S.C. 1332(a)(1) exists only if there is complete diversity of citizenship—that is, if all of the defendants are diverse from all of the plaintiffs.  *Strawbridge v. Curtiss*, 7 U.S. 267 (1806); *Fabiano Shoe Co. v. Black Diamond Equip., Ltd.*, 41 F. Supp. 2d 70, 71 (D. Mass. 1999).

For purposes of the diversity statute, corporations are deemed to be "citizens" of any state in which they are incorporated or have their principal place of business.  28 U.S.C. § 1332(c)(1).  The citizenship of a limited liability company, however, is based on the citizenship of all of its members.  *Pramco, LLC ex rel. CFCS Consortium v. San Juan Bay Marina*, 435 F.3d 51, 54 (1st Cir. 2006).  In general, diversity is determined at the point the complaint is filed.  *See Odishelidze*

---

and Vernon Streets Operating Company, LLC d/b/a Brookline Health Care Center; 548 Elm Street Operating Company, LLC d/b/a the Calvin Coolidge Nursing and Rehabilitation Center; and 265 Essex Street Operating Company, LLC d/b/a Essex Park Rehabilitation and Nursing Center.

*v. Aetna Life & Casualty Co.*, 853 F.2d 21, 24-25 (1st Cir. 1988).

Determining whether this Court has jurisdiction over this matter has been complicated by the parties' apparent misunderstanding of these jurisdictional rules, the misnomer of parties in the original complaint, and incomplete subsequent filings.  However, the Court is now convinced that complete diversity exists, and the Court has jurisdiction under § 1332 over the matter.

It is now clear that all of the defendants, except Healthbridge Management, Inc., are limited liability companies.  Again, LLCs are treated like partnerships; the citizenship of their members, not the place of formation or principal place of business, controls.  *Pramco,* 435 F.3d at 54.  If the members of an LLC are themselves LLCs, the citizenship of the "sub-members" controls.  *See Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) ("[B]ecause a member of a limited liability company may itself have multiple members – and thus may itself have multiple citizenships – the federal court needs to know the citizenship of each 'sub-member' as well.").  Here, none of the defendant LLCs have members who are citizens of Massachusetts; all of those members are citizens of either New York or New Jersey.  Accordingly, diversity of citizenship exists between all of the LLC defendants and plaintiff.

The only incorporated defendant is Healthbridge Management, Inc.  That corporation was no longer organized under the laws of Massachusetts or doing business in the Commonwealth as of the date of filing of the complaint.  At that time, Healthbridge Management, Inc. had been renamed DES Holding Co., Inc. and was organized under the laws of New Jersey and had a principal place of business in New Jersey.  Accordingly, diversity of citizenship exists between the incorporated defendant and plaintiff.

The complaint seeks damages in excess of $1,500,000.  There is no dispute that the

amount in controversy exceeds the jurisdictional requirement of $75,000.

### III.     Conclusion

Because complete diversity exists between the parties and the amount in controversy exceeds $75,000, the Court has subject matter jurisdiction over the claims. Plaintiff's motion to remand is therefore DENIED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: May 1, 2013